UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC MITCHELL,

    Plaintiff,

v.                                        Case No. 4:18cv505-RH-HTC

D. TRAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's "Opposition to Order Motion for Reconsideration." ECF Doc. 26. The document is construed as a response to the Court's July 15, 2019 Order, which directed Plaintiff to, within fourteen (14) days, show cause why this case should not be recommended for dismissal pursuant to 28 U.S.C. § 1915(g). ECF Doc. 25. After reviewing Plaintiff's response and litigation history, the undersigned recommends that Plaintiff's *in forma pauperis* status be revoked and this case dismissed under § 1915(g). Alternatively, the case should be dismissed as malicious under 28 U.S.C. § 1915A because Plaintiff failed to accurately disclose his litigation history on the complaint form.

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended complaint pursuant to 42 U.S.C. § 1983. ECF Doc. 8. Plaintiff seeks to assert claims against three (3) defendants in his complaint (Sergeant D. Tran; Officer J. Gamwell;

and Sergeant W. Yon) for violating his Eighth Amendment right to be free of cruel and unusual punishment.

Pursuant to 28 U.S.C. §1915(g), a prisoner who has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" is precluded from proceeding *in forma pauperis* unless "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In Plaintiff's amended complaint, Plaintiff was asked whether he "ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 8 at 4. Plaintiff checked "No," and did not identify any matters responsive to this question. Plaintiff executed the complaint under penalty of perjury. *Id.* at 10.

Plaintiff, however, did identify four (4) dismissed federal actions in response to a separate question asking him whether he had "initiated other actions … in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be generally circumstances or a particular episode, and whether it involved excessive force or some other wrong." ECF Doc. 8 at 4-7. This Court's review of those matters reveals that Plaintiff is a three-striker under §1915(g). The Court takes judicial notice of the following:

- *Mitchell v. Thorpe*, S.D. Fla. Case No. 0:2015cv61807 was filed by Plaintiff in August 2015 and was dismissed by the court for failure to exhaust administrative remedies.
- *Mitchell v. Colon*, S.D. Fla. Case No. 1:2016cv21730 was filed by Plaintiff in May 2016 and was dismissed by the court for failure to exhaust administrative remedies. This case was dismissed prior to service.
- *Mitchell v. Smith*, M.D. Fla. Case No. 3:2015cv1229 was filed by Plaintiff in October 2015 and was dismissed prior to service, for failure to prosecute.
- *Mitchell v. Berry*, N.D. Fla. Case No. 3:2017cv962 was filed by Plaintiff in December 2017 and was dismissed prior to service for failure to state a claim.

Plaintiff, thus, has had at least three cases that were dismissed for failure to state a claim. As the Eleventh Circuit has held, a dismissal for failure to exhaust administrative remedies is a dismissal for failure to state a claim. *See Rivera v. Allin*, 144 F.3d 719, 728 (11th Cir. 1998) ("[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted") *rev'd on other grounds*, *Jones v. Bock*, 549 U.S. 199, 216 (2007) (noting that the Court's determination that failure to exhaust is an affirmative defense is "not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim"); *Buckle v. Daniels*, No. 10-80300-CIV-HURLEY, 2010 WL 1838073, at *2 (S.D. Fla. Apr. 7, 2010) (noting dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g)) *Report and Recommendation adopted by* 2010 WL 1797912 (S.D. Fla. May 3, 2010); *Trice v. Vazquez*, No. CIVA CV206-185, 2006 WL 3191175, at *1 n.2 (S.D. Ga. Nov. 1, 2006) ("Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g).") (citation omitted). Accordingly, Plaintiff is a

three-striker under § 1915(g) and is precluded from proceeding *in forma pauperis.* Furthermore, the allegations in Plaintiff's original and amended complaints do not show he was in imminent danger of serious physical injury at the time he filed this case on October 28, 2018, from Santa Rosa Correctional Institution. ECF Docs. 1, 8. Rather, Plaintiff's allegations arise out of an incident occurring on a discrete date, August 2, 2017.[1]

Prior to issuing this recommendation, the undersigned allowed Plaintiff an opportunity to show cause why this action should not be recommended for dismissal, to file a notice of voluntary dismissal of this action or to pay the entire filing fee of $400.00 and change his *in forma pauperis* status. ECF Doc. 25. In response, Plaintiff filed his "Opposition to Order Motion for Reconsideration." ECF Doc. 26. Plaintiff, however, does not offer a coherent or persuasive argument for allowing this case to proceed. Instead, Plaintiff attaches a copy of the order dismissing *Mitchell v. Colon*, S.D. Fla. Case No. 1:2016cv21730.

That case confirms two things, neither of which are helpful to Mitchell. First, the order shows the case was dismissed prior to service and, thus, reiterates the point that Mitchell made a false representation on his complaint form. Second, a review

---

[1] Because Plaintiff's allegations concern events that occurred in August 2017, the statute of limitations would not prevent him from refiling the case if he can pay the filing fee. *See Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) ("[T]he four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida.") (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).

Case No. 4:18cv505-RH-HTC

of the report and recommendation in *Colon* confirms that the Southern District treated Mitchell's failure to exhaust administrative remedies as a dismissal for failure to state a claim. Indeed, the dismissal was based on Plaintiff's admission in his complaint that he had not yet appealed his grievance. S.D. Fla. Case No. 1:2016cv21730, ECF Doc. 12 at 5, 10-11 (the magistrate judge noted that Plaintiff was not required to allege exhaustion in his complaint, but Plaintiff nonetheless chose to address it).

Plaintiff also appears to argue this Court has no ability to revoke Plaintiff's *in forma pauperis* status, after it was initially granted. Plaintiff is incorrect. *See Fredrick v. Wilkes*, CV 416-310, 2017 WL 1352227, at *3 (S.D. Ga. Apr. 10, 2017) ("Numerous courts have interpreted § 1915(g) as empowering them to revoke a prisoner's previously granted IFP status when it later became evident that the original IFP grant was improper.") *Report and Recommendation adopted by* 2017 WL 2222445 (S.D. Ga. May 19, 2017).

Additionally, Plaintiff's amended complaint is malicious because it constitutes an abuse of the judicial process. "[I]n a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). As indicated above, page four of the civil rights complaint form, Section IV, Previous

Case No. 4:18cv505-RH-HTC

Lawsuits, Question (D) asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 8 at 4. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Plaintiff marked "No" and disclosed no cases. *Id.* At the end of the amended complaint, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" *Id.* at 10. Thus, Plaintiff has in effect stated that at the time he filed the amended complaint, he had not had any cases dismissed for failure to state a claim or prior to service. The amended complaint was signed and submitted to prison officials for mailing on February 3, 2019.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g), the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

As described above, at the time Plaintiff filed the amended complaint in this case, he had initiated at least four (4) actions that should have been disclosed in response to Question (D).[2] Plaintiff did not disclose these prior federal actions in response to Question (D) despite the complaint form's clear instructions.

The Court has the authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] ECF Doc. 8 at 3. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. An

---

[2] Plaintiff did not answer Question (D) accurately in any version of his complaint. *See* ECF Doc. 1 at 6.

[3] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 4:18cv505-RH-HTC

appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, Case No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").[4]

Accordingly, it is RECOMMENDED:

1. That the November 8, 2018 Order granting Plaintiff leave to proceed *in forma pauperis* (ECF Doc. 4) be VACATED.[5]

---

[4] A similar Report and Recommendation is being entered in another case Plaintiff filed in this district. *See Mitchell v. Clemmons*, N.D. Fla. Case No. 3:18cv2197-LC-HTC.

[5] Plaintiff was granted *in forma pauperis* status on November 8, 2018 (ECF Doc. 4) and has paid no money toward his $350.00 filing fee. If this Report and Recommendation is adopted, the undersigned will enter a separate order advising the FDOC that Plaintiff is not responsible for paying the filing fee for this case.

Case No. 4:18cv505-RH-HTC

    2.      That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 12th day of August, 2019.


                /s/ Hope Thai Cannon
                **HOPE THAI CANNON**
                **UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.